UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>     v.<br><br>EZEQUIEL PIMENTAL-QUIROZ<br><br>                           Defendant. | CASE NO. CR12-5204 RJB<br><br>ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A)(i) |

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 122). The Court is familiar with the records and files herein and all documents filed in support of, and in opposition to, the motion.

Defendant was convicted of "Felon in Possession of a Firearm – Armed Career Criminal" (Dkt. 92, Judgment and Sentence) and was sentenced by the undersigned to the Mandatory Minimum of 180 months, plus 3 years of supervised release. He has been in custody since the date of his offense, January 1, 2012, and has served over nine years and two months. He has a presumptive release date of October 11, 2024. He now requests an early release based on claimed extraordinary and compelling circumstances.

THE LAW[1]

In pertinent part, 18 U.S.C. § 3582(c)(1) reads as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced by the statute is USSG § 1B1.13 was required by 28 U.S.C. § 944(f), which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

In pertinent part, the policy statement at USSG § 1B1.13 provides:

> <u>Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)</u>, the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

---

[1] The sections herein on <u>The Law</u> and <u>Discussion – Legal Issues</u> are taken from this Court's Order Granting Motion for Compassionate Release (Dkt 209) in *United States v McPherson*, WDWA Cause Number CR94-5708RJB, and are equally applicable here.

### Commentary

**Application Notes:**

1. **Extraordinary and Compelling Reasons**. – Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) **Medical Condition of the Defendant** –
   
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic later sclerosis (ALS), end-stage organ disease, and advance dementia.
   
   (ii) The defendant is –
   
   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process
   
   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
   
   (B) **Age of the Defendant**.--The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
   
   (C) **Family Circumstances** –
   
   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
   
   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
   
   (D) **Other Reasons**.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivision (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of Defendant**.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director or the Bureau of Prisons**.—<u>A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons</u> pursuant to 18 U.S.C. § 3582(c )(1)(A).  The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1.  The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

## DISCUSSION – LEGAL ISSUES

First, because of the existing Policy Statements at USSG § 1B1.13 were adopted <u>before</u> 18 U.S.C. § 3582 (c)(1), parts of the Policy Statements are obsolete and must be disregarded. The parts to be disregarded are underlined, above.

Second, 28 U.S.C. § 944(f) required the Sentencing Commission in the Policy Statement, to include "the criteria to be applied" in considering extraordinary and compelling reasons for sentence reduction.  This the Commission failed to do, except for determining, in Application Note 4, that, "The court is in an unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement" followed by a non-exclusive list of things the Court should consider.  This listing of things the Court should consider hardly sets the criteria for a finding of extraordinary and compelling reasons for a sentence reduction, leaving it to the Court to determine what qualifies, after appropriate analysis.

Third, these further observations support this conclusion:  First, the listing of examples of extraordinary and compelling reasons in the Policy Statements § 1B113 and Application notes is not, by its language, exclusive.  Second, the listing of things that are not considered extraordinary and compelling does not limit what else may be considered extraordinary and compelling.  Third, Application Note 1(D) clearly opens the door to consider reasons other than the examples listed in determining whether extraordinary and compelling reasons for a sentence reduction exists.

"Extraordinary and compelling" means "extraordinary and compelling."

DISCUSSION

1.  Prerequisite and claims.

First, there is no question that Defendant has fulfilled the exhaustion of prerequisite requirements, having requested relief from the prison warden without result.

Defendant claims three extraordinary and compelling circumstances to support his motion:  Rehabilitation, "heroic action while incarcerated," and "increased exposure to COVID-19 pandemic."  The Court will discuss each of these claims below.

2.  Rehabilitation.

Defendant's rehabilitation, as reflected by lack of any prison infractions, an extensive record of education classes completed in prison, and service as a "suicide companion" and a mental health mentor assisting fellow inmates, has been extraordinary.  He has prepared himself for employment as a dental assistant and in the carpentry field.  He has earned his GED.  *See* Dkt. 122-1, Exhibit B for a list of classes completed.  His handwritten submissions to the Court (Dkts. 122 & 122-1, Exhibit A) reflect a thoughtful, mature individual who has turned his back

on crime, and is reasonably planning for his future. The Defendant has earned the respect of Psychology Services at FCI Sheridan, as is shown by Docket Number 122-1, Exhibit C.

The foregoing record of rehabilitation is extraordinary and compelling, but rehabilitation <u>alone</u> can not serve as extraordinary an\d compelling reasons permitting the Court to reduce Defendant's sentence. 28 U.S.C. § 994(t).

3.  Heroic Act.

Defendant, on July 11, 2020, put himself at risk when he assisted a female corrections officer who was being assaulted by a mentally ill inmate. He "subdued the inmate physically . . . and detained the inmate calmly until the other BOP officers arrived to take control." Dkt. 122 at 7. The investigating FBI agent said it was a "big decision to help a correctional officer in danger," and "put Mr. Pimental's at risk at the time of the assault or afterwards with prison politics." Dkt. 122 at 7 & 9 . Defendant's quick action reflects his extraordinary rehabilitation. His reaction was to take the right side of the issue, and act. This event is deserving of additional consideration by the Court and was an extraordinary and compelling event justifying a reduction in Defendant's sentence.

4..  Physical condition.

Defendant's physical condition is hard to assess from the pleadings. He apparently has latent tuberculosis, which is not a huge risk factor for serious COVID-1 infection, but adds, to some degree, to Defendant's susceptibility to COVID-19, and would be a serious risk if the latent tuberculosis develops into full tuberculosis.

Defendant has had some elevated blood pressure readings, which may or may not signal hypertension. If he has hypertension, that would signal a higher risk for serious COVID-19 infection.

Defendant's weight appears to put him at the edge of "obese," but that, too, lacks the specificity to find it extraordinary and compelling.

The Court need not expand on the substantive body of evidence that indicates that the Bureau of Prisons' various institutions are struggling to prevent COVID-19 outbreaks, with mixed results, and that prison is a bad place to be with the pandemic ongoing.

The bottom line on this discussion of Defendant's risks regarding COVID-19 is that he is at some increased risk of serious COVID-19 infection, but that risk is less than extraordinary and compelling.

5.. Conclusion – Extraordinary and Compelling.

Putting all of these things together, the Court finds that Defendant's rehabilitation, along with his heroic act protecting a prison staff member and his unspecified but increased risk of serious COVID infection while in prison, amount to an extraordinary and compelling reason justifying a compassionate sentence reduction if he otherwise qualifies.

6. 18 U.S.C. § 3553(a) factors.

Is Defendant safe to be at large? Do the 18 U.S.C. § 3553(a) factors favor release? The answer is "yes" to both questions. The section of this opinion on Defendant's extraordinary rehabilitation explain why. Defendant clearly lived the life of a drug abuser and dealer, and a criminal, from 2005 to 2012 and thereafter during his trials and appeals – including likely perjury at his trial. His efforts and record while incarcerated indicate that he has turned his life around and is now safe to be at large, particularly under the supervision of a halfway house placement and supervised release.

Defendant's crime occurred during a relapse after a period of sobriety. It was a dangerous, and thoughtless, episode. The crime itself may well have been handled in a state

misdemeanor court if it had not been for Defendant's substantial record, which forbade gun possession and which led to the armed career criminal finding. His acts were dangerous, and why he possessed guns was never explained, nor was his willingness to lie. These events were serious and justified a long sentence. He has served a long and just sentence of over nine years, and he is not the man now that he was then.

What he has done and learned in prison show that he has been reasonably deterred from further criminal acts, and the public has no reason to fear further criminal acts from him. The described heroic act while in prison shows where his true heart resides. Further time in prison is not necessary to find that his time served in prison is sufficient, but not greater than necessary, to comply with the 18 U.S.C. § 3553 (a) factors, and this Court does so find.

Therefore, it is now

ORDERED that the Motion To Reduce Sentence Pursuant To 18 U.S.C. § (c)(1)(A)(i) (Dkt. 122) is GRANTED. It is further

ORDERED that:

1. Defendant's term of imprisonment is hereby reduced to time served and he shall be released no more than 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so the Order can be modified appropriately;

2. Defendant shall reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee; and

3. Defendant's term and conditions of supervised release remain as set.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of March, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A)(i) - 9